UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., <br><br> Plaintiff, <br><br> vs. <br><br> KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION, <br><br> Defendants. | Adv. Pro. No.: 22-01073 (MG) |

## MOTION TO TRANSFER CASE

Defendant Ho Wan Kwok ("Mr. Kwok") hereby files this motion (the "Motion") pursuant to Sections 1404 and 1412 of title 28 of the United States Code and Rule 7087 of the Federal Rules of Bankruptcy Procedure for entry of an order transferring this action (the "Action") to the United States District Court for the District of Connecticut, Bridgeport Division (for referral to the Bankruptcy Court for the District of Connecticut, Bridgeport Division), attached hereto as Exhibit B, and respectfully states as follows:

## BRIEF FACTUAL BACKGROUND

1. This Action currently involves an effort to require that Mr. Kwok return a vessel he is alleged to beneficially own or control to New York. The Action was filed in the New York Supreme Court on April 18, 2017. On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the District of Connecticut, Bridgeport Division (the "CT Bankruptcy Court"), and was assigned Case No. 22-50073 (JAM), (the "Chapter 11 Case"). The Action was thereafter timely removed on March 18,

2022, to the United States District Court for the Southern District of New York (the "District Court") pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027.[1]  The Action was removed to the District Court on the basis that the Plaintiff sought to determine the property of the debtor (Mr. Kwok) and to exercise control over it, which upon the filing of the Chapter 11 petition became within the exclusive jurisdiction of the CT Bankruptcy Court.

2. On March 21, 2022, pursuant to the Amended Standing Order of Reference dated January 31, 2012, the District Court referred the Action to this Court.

## **VENUE AND JURISDICTION**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) because the Plaintiff is asserting claims that arise under title 11 seeking to determine the property of the estate and exercise control over it, and because the Action "relates to" the Chapter 11 Case.

## **REQUESTED RELIEF AND AUTHORITY**

4. Pursuant to 28 U.S.C. §§ 1404 and 1412 and Bankruptcy Rule 7087, Mr. Kwok requests that the Court transfer this case to the District Court of the District of Connecticut, Bridgeport Division, to be assigned to Judge Manning (who presides over the Chapter 11 Case).

5. Because a case can only be removed to the district in which the state court action is pending, a removed case must first be transferred by the district court to the appropriate district court in which the relevant Chapter 11 case is pending. *See 176-60 Union Tpk., Inc. v. Howard Beach Fitness Ctr., Inc.*, 209 B.R. 307, 312 (S.D.N.Y. 1997); *see also Winstar Holdings, LLC v. Blackstone Grp. L.P.,* No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *1 (S.D.N.Y. Dec. 10, 2007).

6. Transfer of non-core bankruptcy proceedings are governed by 28 U.S.C. § 1404, while transfers of core bankruptcy proceedings are governed by 28 U.S.C. § 1412, however in

---

[1] A copy of the Notice of Removal is annexed as Exhibit A.

practice the standards are substantially similar. *See In re Nw. Airlines Corp.*, 384 B.R. 51, 60 (S.D.N.Y. 2008). Factors considered include "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561 (E.D.N.Y. 2010).

7. Here, those factors offer little guidance. It is true that the Plaintiff has chosen New York as its forum, but none of the other factors weigh in favor of remaining in New York. Against this is that the relevant parties *must* be in Connecticut, as the Plaintiff cannot obtain relief absent participation in the Chapter 11 Case, and Mr. Kwok currently resides in Connecticut. Relevant witnesses and documents will be equally available in both locations. Further, the relevant bankruptcy courts are only approximately 60 miles apart, meaning that for almost all other factors, the locations are nearly identical. Consequently, the only real factor weighing in favor of the Southern District of New York is that it is relatively similar to the Plaintiff's chosen forum.

8. However, under Second Circuit jurisprudence the most important factor, by far, is that there is little to no reason why a case should be transferred to federal court under bankruptcy jurisdiction, and then proceed in a district other than the one in which the decision is pending. *See In re Iridium Operating LLC*, 285 B.R. 822, 836 (S.D.N.Y. 2002) (holding that even if most factors were presumed to favor the non-bankruptcy venue, the court nonetheless held that the interests of justice involved in adjudicating the adversary proceeding in the bankruptcy district outweighed those factors); *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *7 (S.D.N.Y. Dec. 10, 2007) (holding "As noted above, the whole

point of federal jurisdiction here is the close connection of the case to the bankruptcy proceedings. There is no plausible rationale for removing the case to federal court in order to decide it in a forum remote from the court where that proceeding is pending" and disputing the relevance of the usual factor test); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 562 (E.D.N.Y. 2010) ("But, obviously, paramount among them all, the Court has already determined that plaintiffs' case "arises in" the LOI bankruptcy proceeding, which is why it was removed to federal court in the first place, and that bankruptcy proceeding is pending in the Western District of Texas as well.") Accordingly, the Second Circuit has held that "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Iridium Operating LLC*, 285 B.R. 822, 836 (S.D.N.Y. 2002) (*quoting In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)). As a result, in the referral of this case by the district court to this Court, the district court noted "the USBC-SDNY will handle the transfer to Connecticut."

"*Concluded on following page*"

Accordingly, Mr. Kwok requests that the Court enter an order transferring the Action to the District of Connecticut, Bridgeport Division, for further referral to Judge Manning of the CT Bankruptcy Court, and grant such further relief as is just.

Dated: March 23, 2022

**BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
William R. Baldiga, Esq.
Bennett S. Silverberg, Esq.
Kenneth J. Aulet, Esq.
Uriel Pinelo, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
Email: bsilverberg@brownrudnick.com
Email: kaulet@brownrudnick.com
Email: upinelo@brownrudnick.com

*Proposed Counsel for Ho Wan Kwok, Debtor*